**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4954

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SOLOMON JACKSON,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Lacy H. Thornburg, District Judge. (3:01-cr-00072-2)

Submitted: May 11, 2007          Decided: July 2, 2007

Before WILLIAMS, Chief Judge, and WILKINSON and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Fredilyn Sison, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Asheville, North Carolina, Emily Marroquin, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Thomas Cullen, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2001, Solomon Jackson plead guilty to conspiracy to commit bank fraud in violation of 18 U.S.C. § 371 (2000), uttering fraudulent securities in violation of 18 U.S.C. § 513(a)(2000), and bank fraud in violation of 18 U.S.C. § 1344 (2000). Jackson was sentenced to eighteen months' imprisonment followed by three years of supervised release. He was also ordered to pay $234,873.64 in restitution and $2166.10 in court appointed attorney's fees.

Jackson was released in January of 2004. Twenty-eight months later his probation officer petitioned the court to revoke Jackson's supervised release for failure to pay restitution.

At the show cause hearing, Jackson's probation officer testified that Jackson was to pay $50 a month, but Jackson had told the probation office he could not make even nominal payments because he was unemployed. The officer also testified that Jackson had actually worked for two different temporary staffing agencies from February 2004 until May 2006. Further, Jackson realized a net income of $12,000 in both 2004 and 2005 and a net income of $800-900 a month during 2006. Jackson also told his probation officer that he could not pay restitution due to his responsibility for child support payments, but Jackson had not made a child support payment since June 2005. Finally, Jackson made no payments toward restitution while on supervised release.

Following the probation officer's testimony, Jackson took the stand. Jackson testified that his criminal background, education level, and dyslexia made it difficult to find employment. Jackson testified he worked for a few months making eight dollars an hour and later worked part time cleaning banks making seven dollars an hour. Jackson also testified that his monthly housing expenses ranged from approximately $375-550 a month. During much of the time Jackson was on supervised release, he was married; however, his wife did not share her income with him. Finally, Jackson testified that he refused to complete paperwork to permit garnishment of his wages because he was afraid of losing his job.

At the conclusion of the evidence, the district court found Jackson in violation of his supervised release and sentenced him to six months' imprisonment. Jackson timely noted his appeal and challenges the district court's findings and his sentence.

This court reviews a sentence imposed as a result of a supervised release violation to determine whether the sentence was plainly unreasonable. United States v. Crudup, 461 F.3d 433, 438 (4th Cir. 2006). Because the sentence imposed was procedurally and substantively reasonable, we affirm the district court.

Jackson's failure to pay restitution was a grade C offense, USSG § 7B1.1(a)(3), and combined with his criminal history score of VI, his violation was punishable by an additional eight to fourteen months' imprisonment. USSG § 7B1.4. Thus, Jackson's six

month sentence was procedurally reasonable because it was within the applicable statutory range, see 18 U.S.C. § 3583(e)(3) & (h) (2000), and below the recommended guideline.

In addition, Jackson's sentence was substantively reasonable. He earned approximately $12,000 in 2004 and 2005 and approximately $800-900 a month in 2006, but paid nothing toward restitution, lied to his probation officer as to why he could not make nominal payments, and refused to cooperate with his probation officer's attempt to garnish his wages.

Accordingly, because Jackson's sentence was not unreasonable, let alone plainly so, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED